UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWNTA JONES,

        Petitioner,                          Criminal Case Number 08-20122

v.                                                Civil Case Number 16-11866
                                                 Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

## OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE

On May 24, 2016, petitioner Shawnta Jones filed a motion asking the Court to vacate her sentence under 28 U.S.C. § 2255 and order that she be resentenced. In her petition, Jones posits, without elaboration, that she is entitled to resentencing under the rule recently announced by the Supreme Court in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015) ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."), which was made retroactive to cases on collateral review by its decision in *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016) ("*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."). The Court has reviewed the petition and finds that it must be denied, because the petitioner was not sentenced under any provision of the Armed Career Criminal Act, and the holdings of *Johnson* and *Welch* therefore have no impact on her sentencing guideline range. The Court further presumes that the motion could be construed as raising a claim that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, but that position is without merit.

I.

On May 13, 2008, the defendant was charged in a five-count first superseding indictment with (1) aiding and abetting the commission of a carjacking, contrary to 18 U.S.C. § 2 and 18 U.S.C. § 2119(1) (Counts 1 and 3); (2) aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c) (Count 2); (3) aiding and abetting the robbery of property of the United States, 18 U.S.C. § 2114(a) (Count 4); and (4) receiving, possessing, concealing, or disposing of property of the United States that was procured as a result of the robbery, 18 U.S.C. § 2114(b) (Count 5). On May 19, 2008, pursuant to a Rule 11 plea agreement, Jones entered a plea of guilty as charged. On September 9, 2008, the Court sentenced Jones to a term of 60 months in prison on Counts 1, 3, 4, and 5, with sentences on those counts to run concurrently, and 84 months in prison on Count 2 to run consecutively, for a total of 144 months.

At the sentencing hearing, the Court computed the petitioner's offense level for Count 1 as the sum of 20 points — the base offense level for the violation of 18 U.S.C. § 2 and 18 U.S.C. § 2119(1), *see* U.S.S.G. § 2B3.1(a); plus enhancements of two points because a threat of death was made during the commission of the offense, U.S.S.G. § 2B3.1(b)(2)(F); four points because a victim was abducted, U.S.S.G. § 2B3.1(b)(4)(A); and two points because the offense involved carjacking, U.S.S.G. § 2B3.1(b)(5); for a total adjusted offense level of 28. Similar calculations yielded the same adjusted offense level of 28 for Counts 3 and 4.

In order to compute a total offense level, the Court combined the offenses of conviction into three groups representing unrelated conduct and distinct harms: Group 1 (Count 1); Group 2 (Counts 3 and 4); and Group 3 (Count 5). *See* U.S.S.G. § 3D1.2. The Court then computed the combined offense level by adding the highest adjusted offense level among the three groups (28 for Group 1),

plus a two-level enhancement for the occurrence of two groups of offenses with equally serious adjusted offense levels (Groups 1 and 2). Those calculations resulted in a combined offense level of 30. Finally, the Court subtracted three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a), (b), for a total offense level of 27.

The defendant's record of convictions dating back to 1997 resulted in a criminal history category of III, which, combined with an offense level of 27 yielded an advisory guideline range of 87 to 108 months. However, under 18 U.S.C. § 924(c), the Court also was required to impose a mandatory minimum sentence of no less than 84 months on Count 2, to run concurrently to any other sentence imposed.

The government filed a motion for downward departure under the authority of U.S.S.G. § 5K1.1, which the Court granted. After granting the motion for a downward departure, the Court sentenced the defendant to a below-guidelines sentence of 60 months on Counts 1, 3, 4, and 5, with a mandatory minimum term of 84 months on Count 2 to run concurrently. As noted above, the consecutive sentences resulted in a total term of imprisonment of 144 months.

II.

A federal prisoner challenging her sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or the conviction "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to

render the entire proceeding invalid.'"  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

It is difficult to discern the exact nature of the petitioner's challenge to her conviction and sentence, because she did not include a brief in support of her motion and did not assert any grounds for granting it other than citing the *Johnson* and *Welch* decisions.  The holdings of those cases do not apply in any direct and apparent manner to the circumstances of this case, because the Court and the parties did not at any point in the sentencing proceedings cite or refer to any provision of the Armed Career Criminal Act, and none of the provisions of that Act had any impact on the calculation of her sentencing guidelines.  Because the Court never considered any provision of the Armed Career Criminal Act or any guideline sections related to that statute when it imposed the petitioner's sentence, the Supreme Court's rulings concerning the constitutionality of the ACCA or certain provisions of it have no bearing on her sentence.

However, the Court notes that the petitioner was convicted under 18 U.S.C. § 924(c)(3) for aiding and abetting the brandishing of a firearm during and in relation to a "crime of violence," *see* 18 U.S.C. § 924(c)(3)(B).  The so-called "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), which was invalidated by the *Johnson* decision, imposed mandatory minimum sentencing requirements on certain offenses under the facially similar label "violent felony."  In its recent decision in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the Sixth Circuit addressed a challenge to 18 U.S.C. § 924(c)(3)(B) under the authority of *Johnson*, and, after carefully parsing the language of both provisions in the context of the policy concerns and interpretational maxims that animated the analysis of *Johnson*, the court of appeals held that section 924(c)(3)(B) does not suffer from any constitutional infirmity.  "Because § 924(c)(3)(B) is

considerably narrower than the statute invalidated by the Court in *Johnson*, and because much of *Johnson's* analysis does not apply to § 924(c)(3)(B), [the argument that *Johnson* compels the conclusion that this provision is unconstitutionally vague] is without merit." *Id.* at 375-76.

### III.

The Court's rulings in *Johnson* and *Welch* have no impact on the computation of the petitioner's advisory guideline range, and the petitioner has not articulated any other factual basis or legal authority for the relief that she seeks. To the extent that the motion may be construed as raising a challenge that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, that claim is without merit. Her motion therefore must be denied.

Accordingly, the petitioner's motion to vacate sentence [dkt. #84] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 14, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 14, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI